Leah M. Campbell
Dewey & LeBoeuf LLP
125 W. 55th St.
New York, NY 10019
Tel: 212-424-8552

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   OCT 01 2008   ★

BROOKLYN OFFICE

Steven Choi
YKASEC
136-19 41st Ave., 3rd Fl.
Flushing, NY 11355
(718) 460-5600
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
EMILY SHIM, JEFFREY SUH,
SOO YOUNG CHOI, SEUNG RYUN CHOI,
and ALEX CHIN,

                    Plaintiffs,

           -against-

MILLENNIUM GROUP, MILLENNIUM
(USA), LLC, MILLENNIUM
HEALTHCARE OF FLUSHING, LLC,
MILLENNIUM MEDICAL HEALTHCARE
GROUP PLLC, MILLENNIUM
HEALTHCARE USA, LLC,
DANNY VASWANI, JOHN MUNAFO, and
JOHNATHAN R. JOHNSON

                   Defendants.
--------------------------------------------------------X

CV08       4022

Civil Action No.

BLOCK J

POHORELSKY, M.J.

## COMPLAINT

Plaintiffs Emily Shim, Jeffrey Suh, Soo Young Choi, Seung Ryun Choi, and Alex Chin,

by their attorneys, state the following for their Complaint against Millennium Group;

Millennium (USA), LLC; Millennium Healthcare of Flushing, LLC, d/b/a "Millennium Health

Care Management of Flushing" and "Millennium Health Care Management" and "The Center for

Rejuvenation" (hereinafter "Millennium Healthcare of Flushing"); Millennium Medical Healthcare Group, PLLC; Millennium Healthcare USA, LLC (collectively "Millennium Companies"); Danny Vaswani; John Munafo; and Johnathan R. Johnson.

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action against Defendants for unpaid wages, overtime wages, damages, and other relief resulting from Defendants' violations of federal and state labor law, as well as for unjust enrichment, breach of contract, and promissory estoppel.

2.      Plaintiffs, five former employees of the Defendants, bring this action to collect the wages owed to them.  Defendants have repeatedly failed to pay their employees, including Plaintiffs, the wages due to them.

3.      Plaintiffs Mr. Suh and Ms. Shim, also seek relief under unjust enrichment and/or promissory estoppel for obligations which Millennium Healthcare of Flushing refuses to honor.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over this action under 28 U.S.C. § 1337 and 29 U.S.C. § 201 et. seq.  In addition, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

5.      Venue is proper under 28 U.S.C. § 1391 because the events occurred in this district and at least one defendant is subject to personal jurisdiction in this district.

## JOINDER OF PARTIES

6.     As Plaintiffs' claims share common questions of law and fact, they may be joined pursuant to the New York C.P.L.R. § 1002(a) and Fed. R. Civ. Pro. 20.

7.     As Defendants are jointly and severally liable, and as Plaintiffs' claims arise from the same series of transactions or occurrences, Defendants may be joined pursuant to New York C.P.L.R. § 1002(b) and Fed. R. Civ. Pro. 20.


## PARTIES

8.     Plaintiff Emily Shim is a former employee of Defendants.  She worked for Defendants at Millennium Healthcare of Flushing under the direction of Messrs. Vaswani, Munafo, and Johnson from August 2006 until February 2008.

9.     Plaintiff Jeffrey Suh is a former employee of Defendants.  He worked for Defendants at Millennium Healthcare of Flushing under the direction of Messrs. Vaswani, Munafo, and Johnson from August 2006 to February 2008.

10.     Plaintiff Soo Young Choi is a former employee of Defendants.  He worked for Defendants at Millennium Healthcare of Flushing under the direction of Messrs. Vaswani, Munafo, and Johnson from August 2007 to March 2008.

11.     Plaintiff Seung Ryun Choi is a former employee of Defendants.  He worked for Defendants at Millennium Healthcare of Flushing under the direction of Messrs. Vaswani, Munafo, and Johnson from August 2007 to March 2008.

12.     Plaintiff Alex Chin is a former employee of Defendants.  He worked for Defendants at Millennium Healthcare of Flushing under the direction of Messrs. Vaswani, Munafo, and Johnson from August 2007 to March 2008.

3

13.     Millennium Group is a company which describes itself on its website as "an aggregate of subsidiary companies," some of which purport to provide healthcare.  Upon information and belief, it was Plaintiffs' employer in accordance with the Fair Labor Standards Act and New York Labor Law.

14.     Millennium (USA), LLC, on several occasions, paid employees of Millennium Healthcare of Flushing.  It is a domestic limited liability corporation registered with the New York Secretary of State.  Upon information and belief, it was Plaintiffs' employer in accordance with the Fair Labor Standards Act and New York Labor Law.

15.     Millennium Healthcare USA, LLC is a subsidiary of Millennium Group.  It is registered with the New York Secretary of State as a domestic limited liability corporation.  Upon information and belief it is the parent company of Millennium Healthcare of Flushing.  At various times it paid employees of Millennium Healthcare of Flushing.  Upon information and belief, it was Plaintiffs' employer in accordance with the Fair Labor Standards Act and New York Labor Law.

16.     Millennium Healthcare of Flushing, LLC, d/b/a "Millennium Health Care Management of Flushing" and "Millennium Health Care Management" and "The Center for Rejuvenation", is registered with the New York Secretary of State as a domestic limited liability corporation.  Upon information and belief, it was Plaintiffs' employer in accordance with the Fair Labor Standards Act and New York Labor Law

17.     Millennium Medical Healthcare Group, PLLC is a domestic professional limited liability corporation registered with the New York Secretary of State.  Millennium Companies issued business cards to Mr. Suh and Ms. Shim in the name of Millennium Medical Healthcare

4

Group.  Upon information and belief, it was Plaintiffs' employer in accordance with the Fair Labor Standards Act and New York Labor Law.

18.     Upon information and belief, Millennium Group, Millennium (USA), LLC, Millennium Healthcare of Flushing, LLC, Millennium Medical Healthcare Group, PLLC, and Millennium Healthcare USA, LLC are a single integrated enterprise within the meaning of the Fair Labor Standards Act.  Together, the enterprise exceeds a volume of business of $500,000. The common enterprise involves related activities, performed through unified operations and common control, for a common business purpose.

19.     Danny Vaswani, upon information and belief, is Chief Executive Officer and President of Millennium Companies.  Upon information and belief, he was Plaintiffs' employer under the Fair Labor Standards Act and New York Labor Law.

20.     John Munafo, upon information and belief, holds the title of Vice President of Healthcare for Millennium Group and is Vice President of Millennium Healthcare USA, LLC. Upon information and belief, he was Plaintiffs' employer under the Fair Labor Standards Act and New York Labor Law.

21.     Johnathan R. Johnson, upon information and belief, holds the title of Director of Finance for Millennium Group.  Upon information and belief, he was Plaintiffs' employer under the Fair Labor Standards Act and New York Labor Law.

## FACTUAL ALLEGATIONS

**A.      Defendants' Failure to Pay Suh Wages and Compensate Him for Business Expenses**

22.     In August of 2006, Defendants hired Jeffrey Suh to assist in the start up and operation of Millennium Healthcare of Flushing's Center for Rejuvenation.  Mr. Suh and

5

Defendants agreed that Mr. Suh's wages would be paid to Caribbean of NY. Caribbean of NY would then remit payment to Mr. Suh. Hours and compensation varied until the facility began operations. Upon opening of the Center for Rejuvenation in August 2007, Mr. Suh worked full time. Millennium Companies routinely paid Mr. Suh's wages from August 2006 until December 2007.

23 . After December 2007, however, Mr. Suh received no payments for services rendered. On one occasion, Defendants paid Mr. Suh with a check that bounced.

24. The bank charged a penalty to Mr. Suh for the bounced check. Mr. Suh paid the penalty. Millennium Companies did not subsequently replace the bounced check, reimburse Mr. Suh for the penalty charged, or otherwise pay Mr. Suh.

25. In addition, Defendants owe Mr. Suh reimbursement for expenses and fees paid by Mr. Suh to arrange a seminar by a holistic medical practitioner from Korea, Dr. Han, at the Center for Rejuvenation.

26. In November 2007 Defendants asked Mr. Suh and Ms. Shim to invite a holistic medical practitioner from Korea to give a seminar at the Center for Rejuvenation in Flushing with the understanding that Millennium Healthcare of Flushing would reimburse them for all expenses incurred.

27. Mr. Suh and Ms. Shim followed the Millennium Companies' instructions and located Dr. Han in Korea. They arranged for Dr. Han to give a seminar at the Center for Rejuvenation. Mr. Suh and Ms. Shim paid all of Dr. Han's travel expenses including airfare, overnight accommodations, food, and other travel expenses. Dr. Han came to the United States and performed his seminar at the Center for Rejuvenation for clients and prospective clients of Millennium Healthcare of Flushing during January and February 2008.

6

28.     Defendants promised Mr. Suh and Ms. Shim that Defendants would reimburse all expenses related to the engagement of Dr. Han previous to Dr. Han's returning to Korea. Defendants did not reimburse Mr. Suh and Ms. Shim prior to Dr. Han's return to Korea.

29.     Subsequently, Defendants partially reimbursed Mr. Suh for his expenses related to the engagement of Dr. Han, but refused to fully reimburse him.

30.     Once it became clear that Defendants would not pay his wages or reimburse his business expenses, Mr. Suh left his position and stopped working for Defendants on February 19, 2008.

31.     Defendants willfully and intentionally failed to pay Mr. Suh his lawful wages.

**B.      Defendants' Failure to Pay Shim Wages and Compensate Her for Business Expenses**

32.     In August of 2006, Defendants hired Emily Shim as a billing coordinator and to assist in the start-up of Millennium Healthcare of Flushing's Center for Rejuvenation.  Hours and compensation varied until the facility began operations.   Upon opening of the Center for Rejuvenation in August 2007 Ms. Shim worked full time.

33.     After December 2007, Ms. Shim received no payments for services rendered to Millennium.  On one occasion, Defendants paid Ms. Shim with a check that bounced.

34.     The bank charged a penalty to Ms. Shim for the bounced check.  Ms. Shim paid the penalty.  Millennium Companies did not subsequently replace the bounced check, reimburse Ms. Shim for the penalty charged, or otherwise pay Ms. Shim.

35.     In addition, Defendants owe Ms. Shim reimbursement for expenses and fees paid by Ms. Shim to arrange a seminar by a holistic medical practitioner from Korea, Dr. Han, at the Center for Rejuvenation.

36.     In November 2007, Defendants asked Ms. Shim and Mr. Suh to invite a holistic medical practitioner from Korea to give a seminar at the Center for Rejuvenation in Flushing with the understanding that Millennium Healthcare of Flushing would reimburse them for all expenses incurred.

37.     Ms. Shim and Mr. Suh followed the Millennium Companies' instructions and located Dr. Han in Korea.   They arranged for Dr. Han to give a seminar at the Center for Rejuvenation.   Ms. Shim and Mr. Suh paid all of Dr. Han's travel expenses, including airfare, overnight accommodations, food, and other travel expenses.   Dr. Han came to the United States and performed his seminar at the Center for Rejuvenation for clients and prospective clients of Millennium Healthcare of Flushing during January and February 2008.

38.     Defendants promised Ms. Shim and Mr. Suh that Defendants would reimburse all expenses related to the engagement of Dr. Han before Dr. Han returned to Korea.   Defendants did not reimburse Mr. Suh and Ms. Shim prior to Dr. Han's return to Korea.

39.     Subsequently, Defendants partially reimbursed Ms. Shim for the expenses related to the engagement and compensation of Dr. Han, but refused to fully reimburse her.

40.     Once it became clear that Defendants would not pay her wages or reimburse her business expenses, Ms. Shim left her position and stopped working for Defendants on February 7, 2008.

41.     Defendants willfully and intentionally failed to pay Ms. Shim her lawful wages.

**C.     Defendants' Failure to Pay Wages to Soo Young Choi**

42.     Defendants employed Soo Y. Choi from August 2007 to March 2008.   Defendants hired Soo Y. Choi as a front desk manager and to assist with translation at Millennium Healthcare of Flushing's Center for Rejuvenation.   Defendants promised to pay him $11 per

8

hour, Monday through Friday, from 9:00 a.m. to 5:00 p.m. Defendants promised to pay him every two weeks.

43.     Upon information and belief, Soo Y. Choi worked later than 5:00 p.m. on occasion.

44.     Starting in January 2008, Defendants changed the arrangement with Soo Y. Choi from an hourly wage to a salary.

45.     In January 2008, Defendants ceased to regularly pay Soo Y. Choi his wages.

46.     On one occasion, Defendants paid Soo Y. Choi with a check that bounced. The bank charged him penalties for the Millennium Companies' bounced check, and Mr. Choi paid these charges. Millennium Companies did not subsequently replace the bounced check, reimburse Soo Y. Choi for the penalty charged, or otherwise pay Soo. Y. Choi.

47.     Defendants closed the Center for Rejuvenation in March 2008, laying off Soo Y. Choi. Defendants told Soo Y. Choi that the layoffs were temporary and that he would be rehired. The Center for Rejuvenation has not reopened.

48.     Defendants acknowledged that they owed wages to Soo Y. Choi and gave him two checks; one on February 29, 2008 and one March 21, 2008. Defendants still owe Soo Y. Choi significant unpaid wages.

49.     At various times, Defendants promised to pay Soo Y. Choi, but failed to do so.

50.     Defendants willfully and intentionally failed to pay Soo Y. Choi his lawful wages.

**D.    Defendants' Failure to Pay Wages to Plaintiff Seung Ryun Choi**

51.     Defendants employed Seung R. Choi from August 2007 to March 2008. Defendants hired Seung R. Choi as an acupuncturist for Millennium Healthcare of Flushing's

9

Center for Rejuvenation.  Initially Seung R. Choi worked five days per week from 9:00 a.m. to 5:00 p.m. and was promised a wage of $25 per hour.

52.     At the end of December 2008, Defendants changed Seung R. Choi's schedule to four days per week.

53.     In January 2008, Seung R. Choi's schedule was changed again to three days per week.

54.     Then, in February 2008, Defendants changed Seung R. Choi's wage arrangement from an hourly wage to a salary.

55.     Defendants closed the Center for Rejuvenation in March 2008, laying off Seung R. Choi.  Defendants told Seung R. Choi that the layoffs were temporary and that he would be rehired when the Center for Rejuvenation reopened.  Defendants have not reopened the Center for Rejuvenation.

56.     Defendants willfully and intentionally failed to pay Seung R. Choi his lawful wages.

**E.     Defendants' Failure to Pay Wages to Plaintiff Alex Chin**

57.     Defendants employed Alex Chin from August 2007 to March 2008 to work in Millennium Healthcare of Flushing's Center for Rejuvenation.  Mr. Chin was promised an hourly wage of $15 in return for his services as a massage therapist three days per week, from 9:00 a.m. to 5:00 p.m. each day.

58.     In February 2008, Defendants changed Mr. Chin's wage arrangement from an hourly wage to a salary.

59.     Though he worked for Millennium Companies from August 2007 to March 2008, Defendants ceased paying regular wages to Mr. Chin in December 2007, often not paying him wages at all.

60.     In December 2007 and January 2008, Defendants paid Mr. Chin with two checks that bounced.

61.     Mr. Chin's bank charged him penalties for the Millennium Companies' bounced checks, and Mr. Chin paid these charges.  Millennium Companies did not subsequently replace the bounced checks, reimburse Mr. Chin for the penalties charged, or otherwise pay Mr. Chin.

62.     Defendants closed the Center for Rejuvenation in March 2008, laying off Mr. Chin.  Defendants told to Mr. Chin that the layoffs were temporary and he would be rehired upon the reopening of the Center for Rejuvenation.  The Center for Rejuvenation has not reopened.

63.     Defendants willfully and intentionally failed to pay Mr. Chin his lawful wages.


## CLAIMS FOR RELIEF

### First Claim: Federal Minimum Wage Violation Against All Defendants

64.     Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

65.     Defendants repeatedly and willfully failed to pay Plaintiffs the wages owed to them.  Defendants failed to pay them the minimum wage of $5.85 per hour as required under the Fair Labor Standards Act.

66.     By failing to pay minimum wages to Plaintiffs, Defendants violated 29 U.S.C. § 201 et. seq.

11

67.     For these violations, Plaintiffs are entitled to payment of minimum wages, liquidated damages, and attorneys' fees in accordance with 29 U.S.C. § 201 et seq.

## Second Claim: Federal Overtime Wage Violation Against All Defendants

68.     Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

69.     Defendants repeatedly and willfully failed to pay Plaintiff Soo Y. Choi the overtime wages owed to him.  Defendants failed to pay him the overtime wage of time and a half for those hours he worked above the 40 hour work week as required by the Fair Labor Standards Act.

70.     By failing to pay Plaintiff Soo Y. Choi overtime wages, Defendants violated 29 U.S.C. § 207.

71.     For these violations, Plaintiff Soo Y. Choi is entitled to payment of overtime wages, liquidated damages, and attorneys' fees in accordance with 29 U.S.C. § 216.

## Third Claim: State Payment of Wages Violation Against All Defendants

72.     Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

73.     Defendants' intentional and willful failure to pay wages violates § 191(1) of the New York Labor Law in that Defendants have repeatedly failed to pay Plaintiffs at regular

intervals as required by subsection (1)(d) of § 191. Additionally, Defendants' intentional failure to pay Plaintiffs' wages upon their termination violates § 191(3) of the New York Labor Law.

74.    As a result of these violations, under § 198 of the New York Labor Law, Plaintiffs are entitled to unpaid wages and liquidated damages in an amount equal to 25% of the total amount of wages owed each Plaintiff.

## Fourth Claim: State Minimum Wage Violation Against All Defendants

75.    Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

76.    Defendants repeatedly and willfully failed to pay Plaintiffs the wages owed to them. Defendants failed to pay them the minimum wage of $7.15 per hour as required under the New York Labor Law.

77.    By failing to pay Plaintiffs' minimum wages, Defendants violated New York Labor Law § 650 et seq.

78.    For these violations, Plaintiffs are entitled to payment of minimum wages, liquidated damages, and attorneys' fees in accordance with New York Labor Law § 663.

## Fifth Claim: State Overtime Wages Violation Against All Defendants

79.    Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

80.    Defendants repeatedly and willfully failed to pay Plaintiff Soo Y. Choi the state mandated overtime wages owed to him. Defendants failed to pay him the overtime wage of time

and a half for those hours above eight hours per day as required by New York Labor Law § 160 and 12 New York Code of Rules and Regulations § 142-2.2.

## Sixth Claim: Breach of Contract or, in the Alternative, Promissory Estoppel or, in the Alternative, Unjust Enrichment Against Defendant Millennium Medical Healthcare

81. Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

82. Defendants requested Mr. Suh and Ms. Shim engage the services of Dr. Han and pay all his travel expenses, including airfare, accommodation, and food on Millennium Healthcare of Flushing's behalf. Defendants agreed that Mr. Suh and Ms. Shim would receive full reimbursement for all their expenditures related to engaging Dr. Han.

83. By engaging and compensating Dr. Han on behalf of the Defendants, Mr. Suh and Ms. Shim performed their contractual obligation.

84. Millennium Healthcare of Flushing's failure to reimburse Mr. Suh and Ms. Shim fully for the charges incurred in the engagement and compensation of Dr. Han constitutes a breach of their contractual obligations.

85. As a result of this breach of contract, Mr. Suh and Ms. Shim suffered damages. Millennium Healthcare of Flushing's failure to reimburse Mr. Suh and Ms. Shim forced Mr. Suh and Ms. Shim to use their own funds to engage and compensate Dr. Han.

86. In the alternative, Mr. Suh and Ms. Shim claim damages on a theory of promissory estoppel.

87. Millennium Healthcare of Flushing made clear and unambiguous promises to Mr. Suh and Ms. Shim that Millennium Healthcare of Flushing would fully reimburse them for all charges related to the engagement and compensation of Dr. Han.

14

88.   Through these promises, Millennium Healthcare of Flushing intended to and did induce reasonable and foreseeable reliance on the part of Mr. Suh and Ms. Shim that they would be fully reimbursed for all charges and expenses related to the engagement and compensation of Dr. Han.

89.   Mr. Suh and Ms. Shim reasonably and foreseeably relied on Millennium Healthcare of Flushing's promises to reimburse them.  Mr. Suh and Ms. Shim's reliance on these promises has resulted in significant detriment to them which may only be remedied by enforcement of Millennium Healthcare of Flushing's promise to reimburse them.

90.   In the alternative, Mr. Suh and Ms. Shim seek restitution on a theory of unjust enrichment.

91.   Millennium Healthcare of Flushing benefited from the engagement of Dr. Han in that they received the benefit of the seminar being performed for their clients and prospective clients.

92.   This benefit to Millennium Healthcare of Flushing was obtained at the expense of Mr. Suh and Ms. Shim in that Mr. Suh and Ms. Shim bore the costs of hiring Dr. Han and were not reimbursed completely for those costs.

93.   Millennium Healthcare of Flushing has been unjustly enriched under circumstances in which it would be inequitable to permit it to retain these benefits.  Equity and good conscience requires reimbursement to Mr. Suh and Ms. Shim for the outstanding expenses related to the engagement and compensation of Dr. Han.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully request that a judgment be granted as follows:

15

a.   Awarding Plaintiffs compensatory damages, liquidated damages, punitive damages, and prejudgment interest; and

b.   Granting disgorgement of Millennium Healthcare of Flushing's unjust enrichment and requiring Millennium Healthcare of Flushing to pay restitution to Mr. Suh and Ms. Shim, to restore all funds acquired by means of any act or practice declared by this Court to be unlawful, deceptive, fraudulent, unfair, and/or a violation of laws, statutes, or regulations; or in the alternative, awarding damages and pre-judgment interest to Plaintiffs Mr. Suh and Ms. Shim and/or enforcing the promises made by Millennium Healthcare of Flushing; and

c.   Awarding Plaintiffs attorney's fees and costs; and

d.   Granting such other and further relief as is just and proper.


Dated: New York, New York
       October 1, 2008

DEWEY & LeBOEUF LLP

*Leah Campbell / JDA*

Leah M. Campbell
125 West 55th Street
New York, New York 10019
(212) 424-8552

Steven Choi
YKASEC
138-19 41st Ave., 3d Fl.
Flushing, NY 11355
(718) 460-5600

*Attorneys for Plaintiffs*

16