UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EMILY SHIM, JEFFREY SUH, SOO YOUNG
CHOI, SEUNG RYUN CHOI, and ALEX CHIN,

        Plaintiffs,              **MEMORANDUM AND ORDER**
                                                            No. 08-CV-4022(FB)(VVP)

  -against-

MILLENNIUM GROUP, MILLENNIUM (USA),
LLC, MILLENNIUM HEALTHCARE OF
FLUSHING, LLC, MILLENNIUM MEDICAL
HEALTHCARE GROUP PLLC, MILLENNIUM
HEALTHCARE USA, LLC, DANNY VASWANI,
JOHN MUFANO, and JOHNATHAN R.
JOHNSON.

        Defendants.

-------------------------------------------------------------x

*Appearance:*
*For the Plaintiffs:*
LEAH MARY CAMPBELL, ESQ.
Dewey & LeBoeuf LLP
1301 Ave of the Americas
New York, NY 10019

STEVEN KYUNG CHOI, ESQ.
YKASEC
136-19 41st Avenue
3rd Floor
Flushing, NY 11354

**BLOCK, Senior District Judge:**

        On October 1, 2008, Emily Shim ("Shim"), Jeffrey Suh ("Suh"), Soo Young Choi ("S.Y. Choi"), Seung Ryun Choi ("S.R. Choi"), and Alex Chin ("Chin") (collectively, "plaintiffs") filed a complaint alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law (the "NYLL"), § 191 *et seq.*, and § 650 *et seq.*, as well as

1

breach of contract. The Court granted plaintiffs' motion for a default judgment by memorandum and order on January 28, 2009 (the "M&O"), holding that the well-pleaded allegations established liability for defendants Vaswani, Munafo, and Johnson (collectively the "individual defendants"), as well as the corporate defendants. The matter was referred to the magistrate judge for a determination of the proper relief to be awarded. On October 2, 2009, Magistrate Judge Pohorelsky issued a thorough Report and Recommendation (the "R&R") recommending that the Court enter a default judgment for each plaintiff against the corporate defendants for unpaid or back wages, liquidated damages, and uncompensated expenses, plus interest. *See* R&R at 19-20. The R&R also recommended that the Court decline to hold the individual defendants liable because plaintiffs' "allegations [were] insufficient to establish individual liability under either the FLSA or the [NYLL]." *See id.* at 15-17. Plaintiffs timely objected to the R&R only insofar as it recommended that the allegations in the complaint did not establish the liability of the individual defendants; therefore, the Court will review that issue *de novo*. *See* 28 U.S.C. § 636(b)(1). For the reasons set forth below, the Court respectfully disagrees with the magistrate and abides by its finding of liability as to all defendants.

**I**

If the individual defendants are "employers" under the FLSA, they will be jointly and severally liable to the plaintiffs. *See Keun-Jae Moon v. Joon Gab Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002) (holding that a corporate officer who is considered an "employer" under the FLSA is jointly and severally liable along with the corporation). Analysis of the FLSA applies equally to the plaintiffs' claims under the NYLL. *See Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003) (holding that the NYLL and the FLSA "embody similar standards" with respect to the definition of "employer").

The FLSA broadly defines "employer" to include "any person acting directly or

indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). Because this definition "offers little guidance on whether a given individual is or is not an employer," the Second Circuit has held that "the overarching concern is whether the alleged employer possessed the power to control the workers in question with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citations omitted).

> Under the "economic reality" test, the relevant factors include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Id.* This test "encompasses the totality of circumstances, no one of which is exclusive." *Id.*

Because all defendants have defaulted, the M&O noted that all well-pleaded allegations in the Complaint are deemed admitted for the purpose of finding liability. *See* M&O at 2. The R&R correctly identifies that plaintiffs alleged that they worked "under the direction of [the individual defendants,]" Complaint ¶ 8-12, and that Vaswani, Munafo, and Johnson held the positions, respectively, of "Chief Executive Officer," "Vice President," and "Director of Finance," *id.* at ¶¶ 19-21, in the various companies acting in a "common enterprise," *id.* at ¶ 18.

However, the Complaint contains additional allegations of actions taken collectively by the "Defendants." *See In re Polaroid ERISA Litigation,* 362 F. Supp. 2d 461, 471 (S.D.N.Y. 2005) ("The fact that most of Plaintiffs' claims apply to all Defendants and that the factual allegations refer to them collectively does not render the Complaint violative of Rule 8."). The Complaint does not differentiate between the corporate or individual defendants and therefore alleges that all defendants (1) hired each plaintiff, *see* Compl. ¶¶ 22, 32, 42, 51, 57; (2) set the plaintiffs' compensation and working hours, *see id.*; (3) changed S.Y. Choi's, S.R. Choi's, and Chin's compensation from hourly to salary, *see id.* ¶¶ 44, 54, 58; and (4) orally contracted with

3

plaintiffs Suh and Shim for addition work responsibilities, *see id.* ¶¶ 81-93.

Such allegations suffice establish liability for the individual defendants, as "employers" under the FLSA, *see Herman*, 172 F.3d at 140 (individual was an "employer" under the FLSA where individual hired plaintiffs, paid plaintiffs, and "supervised and controlled employee work schedules and conditions of employment," even where no evidence showed that the individual kept employment records), as well as for the corporate defendants.

## II

With regard to the portions of the R&R to which no objections were filed, the Court will conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

## CONCLUSION

The Court adopts the R&R, as modified by this Memorandum and Order. The Clerk is directed to enter judgment against all defendants in the amounts set forth in the R&R.

**SO ORDERED.**

                                                                                  _____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
January 27, 2009